DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Kandy Jett and Kevin Sanders, appeal from the judgment of the Summit County Court of Common Pleas denying their motions to seal their records. This Court affirms.
 I. {¶ 2} In 1992, Appellants were convicted of endangering children in violation of R.C. 2919.22. As a result of their convictions, Appellants were placed on probation which ended on December 20, 1993. Pursuant to R.C. 2953.32(A)(1), Appellants were permitted to file a motion to seal their records three years after their probation ended. Accordingly, Appellants became eligible to file a motion to seal their records on December 20, 1996.
 {¶ 3} On July 2, 2003, Appellants filed separate motions to seal their records. The trial court denied these motions on August 4, 2004. In denying the motions, the trial court noted that Appellants were not eligible to have their records sealed. Appellants timely appealed the denial of their motions, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in effectively giving retroactive application to R.C. 2953.36 as amended in march 2000, and denying appellants' motions to seal their records."
 {¶ 4} In their sole assignment of error, Appellants argue that the trial court erred in its determination that they were ineligible to have their records sealed. Specifically, Appellants assert that the trial court should have determined their eligibility based upon the prevailing law at the time they first became eligible to file their motions.[1]
This Court disagrees.
 {¶ 5} We review the denial of a motion to seal a record of conviction by a standard of abuse of discretion, taking into consideration the totality of the circumstances. Gehris v. State (Aug. 30, 2000), 9th Dist. No. 99CA0060. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} The Ohio Supreme Court has held that "[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." State v. LaSalle, 96 Ohio St.3d 178,2002-Ohio-4009, at paragraph 2 of the syllabus. At the time Appellants filed their motions, R.C. 2953.36(D) provided that a motion to seal a record of conviction did not apply to "[c]onvictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony." Appellants do not dispute that under this version of the Code that they are ineligible to have their records sealed. Rather, they assert that the trial court should have used the version of R.C. 2953.36
in existence on December 20, 1996, when they became eligible to file their motions to seal. The trial court, however, properly followed the dictates of LaSalle and applied the current version of R.C. 2953.36. Appellants argue that in so doing, the trial court took away a vested right. R.C. 2953.36 was amended in 2000. As such, Appellants had more than three years in which their records could have been sealed. They failed to take any action during that period of time. Our sister court was presented with a substantially similar issue and, as this Court has done here, appropriately applied LaSalle. See State v. Rose, 5th Dist. No. 04-CA-C-04-027, 2004-Ohio-4433.
 {¶ 7} The filing of a motion to seal a record of conviction "is a separate remedy, completely apart from the criminal action, and is sought after the criminal proceedings have concluded." LaSalle, at ¶ 19. As Appellants sought this separate remedy in 2003, the trial court did not abuse its discretion by following the dictates of LaSalle and applying the version of R.C. 2953.36 in existence at the time Appellants filed their motions. Accordingly, Appellants' sole assignment of error is overruled.
 III. {¶ 8} Appellants' sole assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Carr, P.J., Batchelder, J., concur.
[1] Appellant has also raised a Constitutional challenge to the application of the amended statute. The challenge was not in included in Appellant's assignment of error, but rather mentioned in the body of his brief. As this argument was not raised in the trial court, Appellant has waived it on appeal.