DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Douglas Futrall, appeals an order of the Lorain County Court of Common Pleas that denied his application to seal the record of a criminal case. We affirm.
 {¶ 2} In November 2001, Defendant pled guilty to five charges: (1) aggravated menacing in violation of R.C. 2903.21(A); (2) improper handling of a firearm in violation of R.C. 2923.16(B); (3) carrying a concealed weapon in violation of R.C. 2923.12(A); (4) domestic violence in violation of R.C. 2919.25(A); and (5) telephone harassment in violation of R.C. 2917.21(A). As part of the plea agreement, the charge of carrying a concealed weapon was reduced to a misdemeanor, and the remaining four charges were misdemeanors as well. The trial court sentenced Defendant to concurrent jail sentences of six months on counts one, two, and three and thirty days on counts four and five. The trial court suspended the jail terms, placed Defendant on two years of probation, and ordered him to "successfully complete dom[estic] *Page 2 
violence treatment[.]" On July 29, 2002, upon the recommendation of Defendant's probation officer, the trial court discharged Defendant from probation.
 {¶ 3} On March 12, 2007, Defendant applied to have the record of his convictions sealed pursuant to R.C. 2953.32. The trial court denied Defendant's request on April 10, 2008, after conducting a hearing on the application. In doing so, the trial court concluded "that while [Defendant] is otherwise an outstanding candidate to have his convictions sealed, because the Aggravated Menacing charge is statutorily exempt from being sealed, as a matter of law, all of his convictions are precluded from being sealed[.]" Defendant timely appealed.
 ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED [DEFENDANT'S] APPLICATION TO SEAL HIS RECORD OF STATUTORILY EXEMPT CONVICTIONS."
 {¶ 4} Defendant's assignment of error is that the trial court erred by concluding that his conviction for aggravated menacing precluded sealing the records of his other convictions that resulted from the same incident.
 {¶ 5} R.C. 2953.32(A) provides that a first offender may apply to have the record of misdemeanor convictions sealed by the sentencing court one year following the offender's final discharge. The trial court must conduct a hearing on the application. R.C. 2953.32(B). Consideration of the application involves a two-step process. See R.C. 2953.32(C). In the first step, the trial court must consider whether the applicant is a first offender or should be treated as having multiple convictions pursuant to R.C. 2953.32(C)(1); determine whether there are criminal proceedings pending against the applicant; determine "whether the applicant has been rehabilitated to the satisfaction of the court"; consider objections, if any, filed by the State; and weigh the applicant's interest in sealing the records against the legitimate interests of the *Page 3 
government. R.C. 2953.32(C). Then trial court then moves to the second step in considering the application:
 If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender * * *, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is a first offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, * * * shall order all official records pertaining to the case sealed[.]" R.C. 2953.32(C)(2).
 {¶ 6} In his brief, Defendant maintains that this Court should review this matter for an abuse of discretion. In his argument before this Court, however, Defendant took a different position — that the trial court erred as a matter of law in applying R.C. 2953.32 and this Court should review his application de novo. We do not agree. "`[E]xpungement is an act of grace created by the state,' and so is a privilege, not a right. Expungement should be granted only when all requirements for eligibility are met." State v. Simon (2000), 87 Ohio St.3d 531, 533, quoting State v. Hamilton (1996), 75 Ohio St.3d 636, 639. This Court reviews an order granting or denying an application to seal a record of conviction for an abuse of discretion. State v. Jett, 9th Dist. No. 22299, 2005-Ohio-1277, at ¶ 5; State v. Gilchrist (Dec. 7, 1994), 9th Dist. No. 16800, at *1. Under this standard, we must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable — not merely an error of law or judgment. See State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 7} Defendant also argues that the State forfeited its objection to sealing the aggravated menacing conviction and cannot argue in support of the trial court's decision for the first time on appeal. The State, however, is not the appellant in this appeal, and the doctrine of forfeiture does not prevent an appellee from advancing legal arguments in *Page 4 
support of a trial court's judgment on appeal. This Court also observes that the transcript of proceedings in the trial court was not transmitted by the court reporter. When a transcript of proceedings is necessary to resolve assignments of error, this court presumes regularity in the trial court's proceedings. See, generally, State v.Price, 9th Dist. No. 07CA0003-M, 2008-Ohio-2252, at ¶ 53, citingKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 8} Preliminary matters aside, the issue in this case is narrow and the facts are undisputed. R.C. 2953.32 does not apply in the event of "[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree," which are not eligible to be sealed. R.C. 2953.36(C). Aggravated menacing, a violation of R.C. 2903.21, is one such offense of violence. R.C. 2901.01(A)(9)(a). Defendant was convicted of four crimes that are eligible for sealing pursuant to R.C. 2953.32, but also of aggravated menacing. The trial court framed the issue as follows:
 "Therefore, the question before the court is, may it seal those four otherwise eligible convictions where one conviction `in the bunch' is not statutorily eligible to be sealed? Put another way, does the presence of one ineligible conviction wholly disqualify all convictions from being sealed?
 * * * It is the court's position that the answer is affirmative and that because the applicant has one conviction out of the five that is not statutorily eligible to be sealed, the court may not seal any of the convictions, even those which are otherwise eligible." (Emphasis in original.)
The trial court reached this conclusion after having conducted a full analysis of Defendant's eligibility apart from his conviction for aggravated menacing. Because the provisions of R.C. 2953.32 do not apply to a conviction for aggravated menacing, however, the trial court's analysis under R.C. 2953.32 is surplusage. The single issue in this appeal is whether Defendant's *Page 5 
convictions may be treated separately for purposes of R.C. 2953.32. This Court concludes that they cannot.
 {¶ 9} R.C. 2953.32(C)(2) explains the consequences that result when the record of a conviction is sealed:
 The proceedings in the case shall be considered not to have occurred and the conviction * * * of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction * * * may be considered by the court in determining the sentence or other appropriate disposition[.]"
R.C. 2953.35 also makes it a crime for public employees to disseminate information related to sealed convictions:
 "Except as authorized by divisions (D), (E), and (F) of section 2953.32 of the Revised Code or by Chapter 2950. of the Revised Code, any officer or employee of the state, or a political subdivision of the state, who releases or otherwise disseminates or makes available for any purpose involving employment, bonding, or licensing in connection with any business, trade, or profession to any person, or to any department, agency, or other instrumentality of the state, or any political subdivision of the state, any information or other data concerning any arrest, complaint, indictment, trial, hearing, adjudication, conviction, or correctional supervision the records with respect to which the officer or employee had knowledge of were sealed by an existing order issued pursuant to sections 2953.31 to 2953.36 of the Revised Code, or were expunged by an order issued pursuant to section 2953.42 of the Revised Code as it existed prior to the effective date of this amendment, is guilty of divulging confidential information, a misdemeanor of the fourth degree." (Emphasis added.)
These statutes contemplate that not only the fact of the conviction itself but all information related to the conviction — the "arrest, complaint, indictment, trial, hearing, adjudication, conviction, or correctional supervision" — must be treated as if it never happened in the first instance. R.C. 2953.35. See, also, R.C. 2953.32(C)(2). It would be impossible for multiple charges "to be considered not to have occurred" for purposes of R.C. 2953.32(C) while retaining the records of another conviction that arose from the same arrest, complaint, indictment, guilty plea, and conviction. See, e.g., R.C. Chapter 2303
(describing the recordkeeping duties *Page 6 
incumbent upon a clerk of the court of common pleas). To do so would impede the recordkeeping function of the clerks of court and render the process of sealing convictions essentially meaningless in cases such as these.
 {¶ 10} Accordingly, this Court concludes that the trial court did not abuse its discretion by denying Defendant's application to seal the record of his convictions. Defendant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 WHITMORE, J. CONCURS *Page 7