THE STATE OF OHIO, APPELLEE, *v.* FUTRALL, APPELLANT.

[Cite as *State v. Futrall,* 123 Ohio St.3d 498, 2009-Ohio-5590.]

*Criminal law — Sealing criminal records — When an applicant with multiple convictions under one case number moves to seal his or her criminal record in that case pursuant to R.C. 2953.32 and one of those convictions is exempt from sealing pursuant to R.C. 2953.36, the trial court may not seal the remaining convictions — Judgment affirmed.*

(No. 2008-2391 — Submitted September 1, 2009 — Decided October 29, 2009.)

APPEAL from the Court of Appeals for Lorain County, No. 08CA009388, 2008-Ohio-5654.

_____

SYLLABUS OF THE COURT

When an applicant with multiple convictions under one case number moves to seal his or her criminal record in that case pursuant to R.C. 2953.32 and one of those convictions is exempt from sealing pursuant to R.C. 2953.36, the trial court may not seal the remaining convictions.

_____

LUNDBERG STRATTON, J.

{¶ 1} Today this court must decide whether a trial court is precluded from sealing an applicant's convictions that are eligible to be sealed by statute when one of the convictions is exempt from being sealed. Because we hold that a conviction that is exempt by statute from being sealed also precludes the sealing of convictions that are otherwise eligible, we affirm the judgment of the court of appeals.

**Facts**

{¶ 2} In May 2001, defendant-appellant, Douglas Futrall, was indicted on five criminal offenses: (1) aggravated menacing in violation of R.C.

2903.21(A), a first-degree misdemeanor, (2) improper handling of firearms in violation of R.C. 2923.16(B), a first-degree misdemeanor, (3) carrying a concealed weapon in violation of R.C. 2923.12(A), a fourth-degree felony, (4) domestic violence in violation of R.C. 2919.25, a fourth-degree misdemeanor, and (5) telephone harassment in violation of R.C. 2917.21(A)(4), a first-degree misdemeanor. All charges resulted from one incident and were filed under one case number.

{¶ 3} In March 2002, Futrall entered a guilty plea to a negotiated misdemeanor charge of carrying a concealed weapon as well as to the other misdemeanor charges. The court placed Futrall on a two-year probation. Four months later, the trial court terminated Futrall's probation and restored Futrall to all appropriate civil rights.

{¶ 4} Approximately five years later, Futrall filed an application in the trial court to seal his record. After a hearing, the trial court denied the request. The trial court concluded that Futrall was sufficiently rehabilitated and was "otherwise an outstanding candidate" to have convictions sealed, but "because the aggravated menacing charge is statutorily exempt from being sealed, as a matter of law, all of his convictions are precluded from being sealed and his application to seal record is accordingly denied."

{¶ 5} The Court of Appeals for Lorain County affirmed the judgment of the trial court. *State v. Futrall*, 9th Dist. No. 08CA009388, 2008-Ohio-5654. The cause is now before this court pursuant to the acceptance of a discretionary appeal. *State v. Futrall*, 121 Ohio St.3d 1424, 2009-Ohio-1296, 903 N.E.2d 324.

**Standard of Review**

{¶ 6} The court of appeals reviewed this matter under an abuse-of-discretion standard, noting that " ' "expungement is an act of grace created by the state," and so is a privilege, not a right. Expungement should be granted only when all requirements for eligibility are met.' " *Futrall*, 2008-Ohio-5654, ¶ 6,

2

quoting *State v. Simon* (2000), 87 Ohio St.3d 531, 533, 721 N.E.2d 1041, quoting *State v. Hamilton* (1996), 75 Ohio St.3d 636, 639, 665 N.E.2d 669. While we agree that expungement is a privilege and not a right, we disagree with the court of appeals' decision to review this matter using the abuse-of-discretion standard, because the matter in dispute is purely a question of law. "When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. See *Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.,* 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50." *Med. Mut. of Ohio v. Schlotterer* , 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

{¶ 7} Therefore, as a preliminary matter, we conclude that the court of appeals erred in reviewing the case under an abuse-of-discretion standard. But " 'reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous.' " *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 12, quoting *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8. Because we reach the same conclusion even applying a de novo standard of review, we affirm the judgment of the court of appeals.

**Analysis**

{¶ 8} The procedure for expungement is set forth in R.C. 2953.32 and provides that the court shall do each of the following when considering an application to expunge:

{¶ 9} "(C)(1)(a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. * * *

{¶ 10} "(b) Determine whether criminal proceedings are pending against the applicant;

**{¶ 11}** "(c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

**{¶ 12}** "(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

**{¶ 13}** "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records."

**{¶ 14}** R.C. 2953.36 enumerates the crimes that cannot be expunged, including convictions of an offense of violence when the offense is a misdemeanor of the first degree. R.C. 2953.36(C). "Offense of violence" is defined by R.C. 2901.01(A)(9) and includes aggravated menacing, R.C. 2903.21. Therefore, Futrall's conviction for aggravated menacing cannot be sealed.

**{¶ 15}** The question then becomes whether an applicant with multiple convictions in one case may seal the portion of his or her criminal record that is eligible pursuant to R.C. 2953.32 when one of the convictions is statutorily exempt from being sealed. For the reasons that follow, we hold that when an applicant with multiple convictions under one case number moves to seal his or her criminal record in that case pursuant to R.C. 2953.32 and one of those convictions is statutorily exempt from sealing pursuant to R.C. 2953.36, the trial court may not seal the remaining convictions.

**{¶ 16}** Three statutes support our conclusion that the eligible convictions may not be separated from the ineligible convictions for purposes of expungement. First, although this case does not directly call upon us to determine whether the defendant is a first offender, we find support for our holding in the definition of "first offender" in R.C. 2953.31: "When two or more convictions

4

result from or are connected with the same act or result from offenses committed at the same time, *they shall be counted as one conviction*." (Emphasis added.)

**{¶ 17}** Second, although R.C. 2953.61 is not directly applicable to this case, it, too, is instructive on the issue of how sealing of multicount convictions should be handled. R.C. 2953.61 provides:

**{¶ 18}** "When a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have *all of the records in all of the cases pertaining to those charges* sealed * * *." (Emphasis added.)

**{¶ 19}** Finally, the process and duties imposed for sealing records outlined in R.C. 2953.32 guide us in answering the question before us. R.C. 2953.32(C)(2) states that upon determining that the applicant's record qualifies for sealing under R.C. 2953.32(C)(1), the court "shall order *all* official records pertaining to the case sealed and *all* index references to the *case* deleted." (Emphasis added.) R.C. 2953.32(C)(2). Meeting the requirements of Futrall's position – parsing out those convictions that can be sealed from those that cannot – would be impossible: a trial court is unable to order *all* index references to the case deleted while at the same time ordering that index references to one conviction in that case be maintained because the case cannot be lawfully sealed.

**{¶ 20}** In enacting these provisions, the General Assembly appears to have recognized the inherent difficulty of sealing only some convictions in one case. Partial sealing would have to be attempted for everything from arrest records to written statements to transcripts to journal entries. How this task would be accomplished and who would have the authority to attempt it are questions that underscore the impractical reality of an attempt to seal certain convictions in one

case while revealing others. If the General Assembly had intended only partial sealing, it would have chosen phrases other than "all official records" or "all index cards" in order to give guidance on how to seal a partial expungement. We therefore conclude that R.C. 2953.31 (definitions), 2953.61 (sealing of records in cases of multiple charges), and 2953.32(C)(2) (sealing of record of conviction) illustrate the General Assembly's intent to authorize the sealing of cases, not the sealing of individual convictions within cases.

### Conclusion

{¶ 21} Based on R.C. 2953.31, 2953.61, and 2953.32, we hold that when an applicant with multiple convictions under one case number moves to seal his or her criminal record in that case pursuant to R.C. 2953.32 and one of those convictions is exempt from sealing pursuant to R.C. 2953.36, the trial court may not seal the remaining convictions. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., concurs separately.

_____

**MOYER, C.J., concurring.**

{¶ 22} I concur because the majority correctly analyzes R.C. 2953.31, 2953.32, 2953.36, and 2953.61 and draws the proper conclusion that none of appellant's convictions in this case may be expunged. Still, our path in this case is dimly lit by the existing statutory framework. No Ohio statute directly answers the question before us. For that reason, we have been required to fashion interstitial law, covering the gap between the existing law and the issue in this case by tugging at the edges of several closely related statutes. See *S. Pacific Co. v. Jensen* (1917), 244 U.S. 205, 221, 37 S.Ct. 524, 61 L.Ed. 1086 (Holmes, J., dissenting). But an opinion of this court is not the preferred method of

lawmaking. At issue is the ability of a person to expunge the record of his past offenses. Such an issue is better resolved in the General Assembly. Therefore, I write separately to urge the General Assembly to address the issues posed in this case.

O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur in the foregoing opinion.

_____

Dennis P. Will, Lorain County Prosecuting Attorney, and Mary R. Slanczka, Assistant Prosecuting Attorney, for appellee.

Giardini, Cook & Nicol, L.L.C., and D. Chris Cook, for appellant.

_____