[Cite as *State v. C.K.J.*, 2016-Ohio-5637.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | Nos. 15AP-580 (C.P.C. No. 14EP-763) |
| v. | : | and 15AP-582 (C.P.C. No. 14EP-765) |
| [C.K.J.], | : | |
| Defendant-Appellee. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on September 1, 2016

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellant. **Argued:** *Michael P. Walton.*

**On brief:** *Douglas A. Funkhouser Co., L.P.A.,* and *Douglas A. Funkhouser,* for appellee. **Argued:** *Douglas A. Funkhouser.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting applications filed by defendant-appellee, C.K.J., to seal the record of convictions in case No. 03CR-7966 for attempted possession of drugs and attempted failure to comply ("FTC"), and a no-bill in case No. 03CR-5364, on charges of possession of drugs and FTC, pursuant to R.C. 2953.52. Because the trial court erred in its application of R.C. 2953.61, and because the trial court cannot seal the records of appellee, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On August 2, 2003, at approximately 2 a.m., State Trooper Caplinger witnessed appellee driving the wrong way on state route 104. Trooper Caplinger began a pursuit that would last six minutes and cover a distance of nearly five miles. Eventually,

Trooper Caplinger and Columbus Police Department officers stopped appellee's vehicle and he was arrested. In a search incident to arrest, cocaine was located in appellee's right front pants pocket.

{¶ 3}   In Municipal Court case No. 2003TRC-180385, appellee was charged with OVI (R.C. 4511.19(A)(1)), driving on the wrong side (R.C. 4511.35), and failure to wear a seatbelt (R.C. 4513.263(B)(1)). (State's Ex. C at 2.) On December 16, 2003, appellee pled guilty to the OVI charge.

{¶ 4}   In Municipal Court case No. 2003CRA-19239, appellee was charged with FTC (R.C. 2921.331(B)), and possession of cocaine (R.C. 2925.11(C)(1)). On August 6, 2003, appellee waived his right to a preliminary hearing and the felony charges were bound over to Common Pleas Court.

{¶ 5}   On November 24, 2003, the Grand Jury returned an indictment in case No. 03CR-7966, charging appellee with possession of cocaine and two counts of FTC. On January 28, 2004, the Grand Jury returned a no-bill in connection with case No. 03CR-5364, which involved charges of FTC and possession of cocaine. On April 5, 2004, appellee entered a plea of guilty in case No. 03CR-7966 to the stipulated lesser included offenses of attempted possession of cocaine and attempted FTC. Appellee was sentenced to a two-year term of community control. (June 8, 2004 Judgment Entry.)

{¶ 6}   Over ten years later, on November 5, 2014, appellee filed an application to seal the record of his convictions in case No. 14EP-763. The same day, appellee filed an application to seal the record of the no-bill in case No. 14EP-765. The state filed an objection to each application, citing R.C. 2953.61, and the matter proceeded to a hearing on May 14, 2015.

{¶ 7}   Appellee testified during the hearing that he had possessed the cocaine to impress a woman he was planning on meeting that evening. Appellee admitted to consuming six beers in the hours leading up to the offenses. After learning that the woman he intended to impress was not going to meet him, appellee decided to drive home. On his drive home, appellee began driving the wrong way on state route 104 because he mistakenly assumed it was a two-way street.  Appellee testified that he never saw or heard multiple police cars chasing and attempting to stop him, including Trooper Caplinger. In addition, appellee denied that he had used cocaine that evening.

{¶ 8} At the conclusion of the hearing, the trial court made several relevant findings. The trial court found that appellee's possession of cocaine "was not as a result of or in connection with the same act as the drunk driving and the eluding." (July 22, 2015 Tr. at 32.) Next, the trial court went on to find that "the drunk driving was complete once he started going left of center and that he was already drunk driving when he was left of center, at that point, that act was complete, he was driving drunk or impaired." (Tr. at 33.) The trial court continued, finding that "if he had all the beers that he had, he was drunk driving all the way home." *Id.* Finally, the court found that "the drunk-driving act was already complete, [it] was separate than the fleeing." (Tr. at 34.) The trial court granted both applications from the bench. On May 15, 2015, the trial court journalized an entry in each case granting the applications to seal the record of convictions in case No. 14EP-763, and the record of the no-bill charges in case No. 14EP-765.

{¶ 9} This consolidated appeal arises from the granting of the two applications. In case No. 15AP-580, the state has appealed the decision of the trial court granting the application to seal the record of case No. 03CR-7966, in which appellee was convicted of attempted possession of cocaine and attempted FTC. In case No. 15AP-582, the state has appealed the decision of the trial court granting the application to seal the record of case No. 03CR-5364, in which the Grand Jury returned a no-bill to charges of FTC and possession of cocaine.

## II. ASSIGNMENT OF ERROR

{¶ 10} The state raises the following assignments of error:

> [I.] THE TRIAL COURT LACKED JURISDICTION TO SEAL THE RECORD OF CONVICTIONS, WHERE THE APPLICATION WAS BARRED BY R.C. 2953.61.
>
> [II.] THE TRIAL COURT LACKED JURISDICTION TO SEAL THE RECORD OF A NO-BILL, WHERE THE APPLICATION WAS BARRED BY R.C. 2953.61.
>
> [III.] THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING NON-SEALABLE RECORDS TO BE SEALED.

## III. STANDARD OF REVIEW

{¶ 11} In *In re K.J.*, 10th Dist. No. 13AP-1050, 2014-Ohio-3472, ¶ 18, we set out the applicable standard of review:

> As the trial court must make factual findings, but then must apply those facts to the law, we believe a hybrid standard of review is appropriate. Accordingly, in analyzing a trial court's ruling under R.C. 2953.61, a reviewing court should accord deference to the trial court's findings of fact, but engage in a de novo review of the trial court's application of those facts to the law. Compare *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8, 797 N.E.2d 71 (standard of review for a motion to suppress evidence); *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245 (noting that under a merger analysis, "it is the jury making factual determinations, and the reviewing court owes deference to those determinations, but it owes no deference to the trial court's application of the law to those facts").

Furthermore, "[w]hen a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate." *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6.

## IV.  APPLICATION BARRED BY R.C. 2953.61

{¶ 12} As the state's assignments of error are interrelated, we will address them together. The state argues that appellee was charged with multiple offenses based upon his conduct in the early morning hours of August 2, 2003, that two cases resulted in a mix of convictions and dismissed charges (case Nos. 2003TRC-180385 and 03CR-7966), while a third resulted in a no-bill (case No. 03CR-5364). Thus, according to the state, at least one charge has a different disposition than the others, meaning that appellee was required to meet the burden of demonstrating that he is eligible to seal the record of all charges before any could be sealed per R.C. 2953.61(A).  The state argues that "[a]ll of defendant's charges arose as a result of or in connection with the same act." (Appellant's Brief at 8.)  Therefore, the state argues that the outcome is controlled by R.C. 2953.32(A)(1), 2953.61(A), and 2953.36(B).

{¶ 13} R.C. 2953.32(A)(1) states as follows:

> Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the record of the case that pertains to the conviction.

{¶ 14} R.C. 2953.52(A)(2) is also applicable to this appeal. This section provides in relevant part that:

> Any person, against whom a no bill is entered by a grand jury, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code.

{¶ 15} R.C. 2953.61(A), referenced above, provides as follows:

> Except as provided in division (B)(1) of this section, a person charged with *two or more offenses as a result of or in connection with the same act* may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code.

(Emphasis added.)

{¶ 16} In *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, the Supreme Court of Ohio analyzed R.C. 2953.61, and held that:

> A trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a dismissed charge *if the dismissed charge arises "as a result of or in connection with the same act" that supports a conviction* when the records of the conviction are not sealable under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers.

(Emphasis added.) *Id.* at syllabus.

{¶ 17} We find that the Supreme Court case of *Futrall* and our case of *In re K.J.* to be controlling in this matter. In *Futrall*, the Supreme Court held that "[w]hen an applicant with multiple convictions *under one case number* moves to seal his or her criminal record in that case pursuant to R.C. 2953.32 and one of those convictions is exempt from sealing pursuant to R.C. 2953.36, the trial court may not seal the remaining convictions." (Emphasis added.) *Id.* at syllabus. The *Futrall* court noted the "inherent difficulty of sealing only some convictions in one case," as partial sealing would have to be attempted "for everything from arrest records to written statements to transcripts to

journal entries." *Id.* at ¶ 20. In *In re K.J.* at ¶ 31, we applied the *Futrall* rationale to applications, like the present case, to seal records brought under R.C. 2953.52.

{¶ 18} Like *In re K.J.*, appellee was convicted of an OVI offense. R.C. 2953.36(B) prohibits the sealing or expungement of an OVI offense. Therefore, because both offenses were brought under the same case number (case No. 03CR-7966), in order to seal appellee's convictions for attempted possession of cocaine and attempted FTC, both offenses must not be "as a result of or in connection with the same act" as appellee's unsealable OVI conviction. R.C. 2953.61(A). Likewise, the same holds true for the two no-bill charges under case No. 03CR-5364. *Futrall* at syllabus.

{¶ 19} The facts in *In re K.J.* are similar to those in the case before us. K.J. was pulled over for speeding. As a result of that traffic stop, K.J. was charged under the Columbus City Code with the following three offenses: OVI, possession of an open container of alcohol, and possession of marijuana. Pursuant to Sup.R. 37(A)(4)(c) and 43(B)(2), the OVI charge was docketed as case No. 12TRC-196032 and the criminal open container and marijuana charges were docketed as case No. 12CRB-27701. Pursuant to a plea bargain, K.J. pled guilty and was convicted of the OVI offense, and the state dismissed the open container and marijuana charges. K.J. applied to have the records of the two dismissed charges sealed.

{¶ 20} In *In re K.J.* at ¶ 25-29, we undertook the following analysis:

> Thus, under R.C. 2953.61, a trial court must analyze the acts or conduct of the accused, and not merely the temporal proximity between the charges. Accordingly, in exercising our de novo review, we must review the acts which supported each charge, and determine whether the open container and possession of marijuana charges arose as a result of or in connection with the same act which supported K.J.'s OVI conviction. * * *
>
> CCC 2133.01(A)(1)(a) provides that "[n]o person shall operate any vehicle * * *, if, at the time of the operation * * * [t]he person is under the influence of alcohol * * *." CCC 2325.62(B)(4) provides that "[n]o person shall have in his possession an opened container of beer or intoxicating liquor * * * [w]hile operating or being a passenger in or on a motor vehicle * * *." R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance," marijuana is a Schedule I controlled substance.

The act which supported K.J.'s OVI conviction was her operation of a motor vehicle, while under the influence of alcohol. The act which supported K.J.'s open container charge was her operation of a motor vehicle, while possessing an open container of alcohol. The act which supported the drug possession charge was K.J.'s possession of marijuana. Thus, there is no commonality of acts between the possession of marijuana charge and the OVI conviction. Accordingly, the trial court correctly determined that the possession of marijuana charge did not arise as a result of or in connection with the same act which supported the OVI conviction.

There is, however, a similar act shared by both the open container charge and the OVI conviction: K.J.'s operation of a motor vehicle. Although one does not need to be the operator of a vehicle in order to be charged with an open container under CCC 2325.62(B)(4), as the code section equally applies to individuals who are passengers in a vehicle, under the particular facts of this case, K.J. was operating her vehicle. Thus, in the instant case, K.J.'s act of driving her car was an act which was necessary to support the OVI conviction and the open container charge. * * * Thus, the open container charge did arise in connection with an act which also supported the OVI conviction. The trial court erred in finding that the open container charge did not arise in connection with the same act as the OVI conviction.

Based on the foregoing, we find that the trial court correctly determined that R.C. 2953.61 did not preclude the court from sealing the records of the possession of marijuana charge. However, because the open container charge arose in connection with an act which supported the OVI conviction, the trial court erred in finding that R.C. 2953.61 did not preclude the court from sealing the records of the open container charge. Thus, pursuant to R.C. 2953.52 and 2953.61, the court was entitled to seal the records of the possession of marijuana charge, but was not entitled to seal the records of the open container charge. As both of the dismissed charges were docketed under a single case number, however, the Supreme Court's decision in *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497 precludes the trial court from sealing the records of the drug possession charge.

{¶ 21} In following the same analysis in this action, R.C. 4511.19(A)(1) provides that "[n]o person shall operate any vehicle * * *, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." R.C. 2921.331(B) provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Cocaine is a Schedule II controlled substance.

{¶ 22} Appellee pled guilty to the stipulated lesser included offenses of attempted possession of cocaine and attempted FTC, however, the underlying acts or conduct remains the same. The act which supported appellee's OVI conviction was his operation of a motor vehicle while under the influence of alcohol. The act which supported his attempted FTC conviction and FTC charge was his operation of a motor vehicle while attempting to elude or flee from a police officer after a signal from the police officer to stop. The act which supported the attempted possession of cocaine conviction and cocaine possession charge was possession of cocaine. Thus, there is no commonality of acts between the cocaine charge and conviction and the OVI conviction. Accordingly, the trial court correctly determined that the possession of cocaine charge and conviction did not arise as a result of or in connection with the same act which supported the OVI conviction.

{¶ 23} There is, however, a similar act shared by both the attempted FTC conviction and FTC charge and the OVI conviction; appellee's operation of a motor vehicle. Although one does not need to be the operator of a vehicle in order to be charged with FTC, appellee's indictment specifically alleges the operative facts, pursuant to R.C. 2921.331(B) that he "did operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop." (November 24, 2003 Indictment at 1-2.) Thus, in the instant case, appellee's act of driving his car was an act which was necessary to support the OVI conviction and the FTC charge and conviction. We do not agree with the trial court that the drunk driving act was already complete and separate from the fleeing. The drunk driving was an ongoing event throughout the acts giving rise to the attempted FTC conviction and FTC charge. The trial court found that appellee was "drunk driving all the

way home." (Tr. at 33.)  Based on our de novo review of the trial court's application of the facts to the law, the trial court erred in finding that the attempted FTC conviction and FTC charge did not arise in connection with the same act as the OVI conviction.

{¶ 24} Based on our de novo review and the *In re K.J.* decision, we find that the trial court correctly determined that R.C. 2953.61 did not preclude the trial court from sealing the records of the attempted cocaine possession conviction and cocaine possession charge. However, because the attempted FTC conviction and FTC charge arose in connection with an act which supported the OVI conviction, the trial court erred in finding that R.C. 2953.61 did not preclude the trial court from sealing those records. As such, because the attempted FTC conviction and FTC charge are not sealable, and the convictions were docketed under a single case number, and the no-bill charges were likewise docketed, the *Futrall* decision precludes the trial court from sealing the records of the attempted possession of cocaine conviction and the possession of cocaine no-bill charges.

## V.  DISPOSITION

{¶ 25} Based on the foregoing, the state's assignments of error are sustained. Therefore, we reverse the judgment of the trial court and remand the case for proceedings consistent with this decision

*Judgment reversed; case remanded.*

DORRIAN, P.J. and LUPER SCHUSTER, J., concur.

—————————————