[Cite as *State v. T.S.*, 2017-Ohio-7395.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102648

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## T. S.

DEFENDANT-APPELLEE

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-508944-B

**BEFORE:** Blackmon, J., Keough, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 31, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
Diane Smilanick
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark Stanton
Cuyahoga County Public Defender
Paul Kuzmins
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} The state of Ohio appeals from the trial court's order granting an application to seal the record of conviction filed by appellee T.S. ("T.S.").[1] The state assigns the following error for our review:

> The trial court errs in granting a motion to seal the record of conviction when it is without jurisdiction to grant an expungement to an applicant who was convicted of a crime in which the victim of the offense was under eighteen years of age, which is not permitted pursuant to R.C. 2953.36(F).

{¶2} Having reviewed the record and pertinent law, we reverse and remand for further proceedings consistent with this opinion. The apposite facts follow. At the outset, we point out that if anyone deserved to have a record expunged, it is T.S.

{¶3} On April 4, 2008, T.S. was indicted for drug possession, two counts of drug trafficking, and possession of criminal tools, all with forfeiture specifications, and three counts of endangering children. On June 16, 2008, she pled guilty to drug possession, possession of criminal tools, and the forfeiture specifications for these charges. She also pled guilty to one count of endangering children in violation of R.C. 2919.22(A), a first-degree misdemeanor, alleging that the child who is the subject of the offense was born in 2003. T.S. was sentenced to two years of community control sanctions that required her to perform community service, submit to drug tests, and obtain employment.

---

[1] It is this court's policy to refer to defendants in matters involving sealing of criminal records under R.C. 2953.32 by their initials.

**{¶4}** On July 2, 2014, several years after completing her community control sanctions, T.S. filed a motion to seal the record of her conviction. The state filed a brief in opposition to the motion, arguing, inter alia, that under R.C. 2953.36, the trial court was without jurisdiction to seal the conviction for child endangering because the victim of the offense was under 18 years of age.[2] The trial court held a hearing on the matter on January 15, 2015. The record indicates that no prosecuting attorney appeared on behalf of the state, and after the conclusion of the hearing, the trial court granted T.S.'s motion to seal her conviction.[3]

**{¶5}** The state assigns a single error for our review, and maintains that T.S. is not eligible for expungement due to her conviction for child endangering. In opposition, T.S. argues that her conviction under R.C. 2919.22(A) is not an offense of violence, in contrast to convictions under R.C. 2919.22(B), and that at the hearing, no evidence was presented to demonstrate that the offense actually involved a child victim.

## Standard of Review

**{¶6}** In *State v. A.S.*, 8th Dist. Cuyahoga No. 100358, 2014-Ohio-2187, this court explained the standard of review of a ruling on a motion to seal a record of conviction as follows:

---

[2]The former version of R.C. 2953.36(F) pertained to crimes involving victims under the age of 18 years old, but subsequent amendments to this statute renumbered the provisions and lowered the age to 16 for this portion of the statute.

[3]The state indicates that it did not receive notice of this hearing.

> Generally, a trial court's decision to grant or deny a motion to seal records filed pursuant to R.C. 2953.52 is reviewed for an abuse of discretion. *State v. C.K.*, 8th Dist. Cuyahoga No. 99886, 2013-Ohio-5135, ¶ 10, citing *In re Fuller*, 10th Dist. Franklin No. 11AP-579, 2011-Ohio-6673, ¶ 7. * * * However, the applicability of R.C. 2953.36 to an applicant's conviction is a question of law that this court reviews de novo. *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 15, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6.

*Id*. at ¶ 7. *See also State v. Ninness*, 6th Dist. Ottawa No. OT-11-024, 2013-Ohio-974, ¶ 8; *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 7.

**{¶7}** In this matter, the critical question presented herein is whether the trial court had jurisdiction to grant T.S.'s motion to seal her conviction. Accordingly, we apply the de novo standard of review.

### Expungement

**{¶8}** R.C. 2953.31 et seq. set forth the procedures for sealing a record of conviction. The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling. *A.S.* at ¶ 10, citing *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus. Under R.C. 2953.32, the trial court must determine: whether the applicant is an "eligible offender"; whether criminal proceedings are pending against the applicant; and whether the applicant has been rehabilitated to the satisfaction of the court. The court must then "consider the reasons against granting the application specified by the prosecutor" and weigh the applicant's interests in having the records sealed versus the government's needs, if any, for maintaining those records. R.C. 2953.32(C). The

applicant must meet all of the statutory criteria for eligibility in order to invoke the jurisdiction of the court to grant an expungement. *A.S.* at ¶ 9.

{¶9} R.C. 2953.36 enumerates the crimes that cannot be expunged. Under R.C. 2953.36(A)(6), expungement is not available if the conviction was for a felony or for a misdemeanor of the first degree and the victim was under 16 years of age (except for criminal nonsupport cases).

{¶10} R.C. 2919.22(A) provides that, "[n]o person, who is the parent * * * of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support." The prosecution must prove that the defendant: (1) was the parent, guardian, custodian, person having custody or control, or person in loco parentis of the subject child; (2) recklessly created a substantial risk to the health or safety of the child; and (3) created that risk by violating a duty of protection, care or support. *See State v. Shannon*, 5th Dist. Muskingum No. CT2016-0017, ¶ 25. Under R.C. 2919.22(B), no person shall, inter alia, abuse a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age. Under R.C. 2919.22(C), no person shall operate a vehicle under the influence of drugs or alcohol when one or more children under eighteen years of age are in the vehicle.

{¶11} T.S. asserts that only convictions under R.C. 2919.22(B) render an applicant ineligible for expungement, since that section of the statute deals with offenses of violence. We note, however, that other courts have rejected similar claims, reasoning

that the offense of child endangering necessarily involves a child victim. *See Ninness* (discussing conviction under R.C. 2919.22(C)). *See also State v. Reed*, 10th Dist. Franklin No. 05AP-335, 2005-Ohio-6251 (defendant's guilty plea to second- and third-degree felony child endangering charges alleging that "the victim was eight years of age" was a "judicial admission that he had committed a felony offense and that the victim was under 18 years of age at the time of the offense."). *Accord State v. Crankfield*, 7th Dist. Mahoning No. 13 MA 122, 2014-Ohio-2624 (rejecting claim of ineffective assistance of counsel where offender learned after plea that conviction for violating R.C. 2919.22(A) could not be expunged). The *Ninness* court explained:

> A wild chase through the bramble bushes of the Revised Code, in pursuit of some comparative meaning for the allegedly elusive term "victim," is unnecessary for three reasons.
>
> First * * * it should be a common sense inference that R.C. 2919.22(C)(1) already specifies who the "victim" of the endangering offense is even without using that term (i.e., "one or more children under 18 years of age").
>
> Second, nothing in R.C. 2953.36(F) requires inquiry by the court — let alone a series of judicial findings — into "who the victim was," or "what the victim [thought] about the [guilty] plea," nor, as Ninness' counsel also suggests, is the receipt of a victim-impact statement necessary before the court may rule on an expungement application. * * * For that purpose, it is sufficient under R.C. 2953.36(F) if the court receives information that the core act on which the conviction is based involved as a putative victim a person under 18-years-old. That a three-year-old child was involved in Ninness' offenses was never disputed below.
>
> Finally, Ninness' guilty plea to child endangering is itself dispositive of the expungement issue. * * *
>
> Similarly, Ninness' guilty plea to child endangering completely admitted the factual truth of all its constituent elements, including that "one or more children under eighteen years of age [were] in the vehicle" at the time she

offended. Having judicially admitted that element, she thereby rendered her conviction ineligible for expungement under R.C. 2953.36(F) and, in turn, left the trial court without jurisdiction to grant the requested relief.

*Id.* at ¶ 12-17.

{¶12} Similarly, in *A.S.*, this court held that a conviction for contributing to unruliness or delinquency of a child is not subject to expungement because, "by definition, [it] is an offense in which the victim is a minor, and as previously stated, it is also a misdemeanor of the first degree." *Id.* at ¶ 12. *Accord State v. Widener*, 2d Dist. Miami No. 2013 CA 29, 2014-Ohio-333 (defendant's conviction for contributing to delinquency of a child under R.C. 2919.24 is not eligible for expungement pursuant to R.C. 2953.36(F)); *M.R.*, 2010-Ohio-6025 (conviction for pandering of obscenity, where the obscene material involved a person under the age of 18, is not eligible for expungement).

{¶13} Moreover, when an applicant for expungement of a criminal record has multiple convictions under one case number, and one of these convictions is statutorily exempt from sealing pursuant to R.C. 2953.36, the trial court is prohibited from sealing the remaining convictions. *Futrall*, 123 Ohio St.3d at ¶ 15.

{¶14} In this matter, T.S. pled guilty in 2008 to several drug-related charges, and one count of child endangering that alleged that the child who was the subject of this offense was born in 2003. On this record, the victim was clearly under 16 years of age, so T.S. was not eligible for expungement for this offense. *Ninness*; *Reed*; *Crankfield*. Further, although the current version of R.C. 2953.36 states that an offender is not

eligible for expungement where the victim of the offense is 16 years of age or less, this statutory change does not benefit T.S., who pled guilty to a count of child endangering alleging that the victim was less than sixteen years old. Moreover, because the conviction for this offense is exempt from sealing pursuant to R.C. 2953.36, the trial court was not permitted to seal the remaining offenses. *Futrall*.

{¶15} Defense counsel notes that the prosecuting attorney failed to appear at the expungement hearing, and he argues that the state is therefore barred from raising its challenge to T.S.'s eligibility for expungement. However, R.C. 2953.32 plainly requires the trial court to consider the state's objections, and these were filed with the trial court on September 11, 2014, or prior to the hearing. Further, the hearing is not adversarial and the objective of the expungement hearing is to gather information. *Simon*, 87 Ohio St.3d at 533. Therefore, the state's absence from the hearing did not justify or compel the grant of the motion to seal. However, as we stated earlier, T.S. should be eligible for expungement and this is the kind of case that begs for a second chance. In this computer-driven world that we live in, we are not certain that the present expungement laws are in step with technology.

{¶16} In accordance with the foregoing, the state's assigned error is well-taken.

{¶17} The trial court's order sealing the record is reversed. This case is remanded to the trial court with instructions to deny T.S.'s motion for expungement and to unseal the record of her conviction.

{¶18} Judgment is reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR