[Cite as *State v. E.H.*, 2022-Ohio-4289.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111590 |
| v. | : | |
| E.H., | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 1, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652269-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant E.H. ("E.H.") appeals the judgment of the Cuyahoga County Court of Common Pleas denying her motion to seal records following treatment in

lieu of conviction. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} E.H. was charged with one count of improperly handling firearms in a motor vehicle, a felony of the fifth degree, in violation of R.C. 2923.16(D)(1), and one count of operating a vehicle under the influence of alcohol or drugs ("OVI"), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a). E.H. pled guilty to both charges.

{¶ 3} The trial court found E.H. guilty of the OVI charge and sentenced her to five days in jail and 18 days on house arrest with electronic monitoring. With regard to the improper handling-of-firearms charge, the court did not make a finding of guilt and allowed E.H. to enter intervention in lieu of conviction ("ILC") under R.C. 2951.041.

{¶ 4} Following E.H.'s completion of the ILC program, the court entered an order stating, "Pursuant to the recommendation of the Probation Department, the Court orders, effective immediately, the defendant's ILC supervision be terminated and the case be dismissed."[1]

{¶ 5} E.H. subsequently filed a motion to seal records following treatment in lieu of conviction. The state filed a brief in opposition, arguing that E.H. was ineligible to seal her conviction because she was convicted of OVI, which was not

---

[1] For reasons not discernible from the record, an identical order was also filed two days later.

sealable under the statute. The trial court denied the motion without holding a hearing.

{¶ 6} E.H. then filed the instant appeal, raising one assignment of error for our review:

> The trial court abused its discretion in summarily denying appellant's request to expunge a dismissed case without a hearing.

## II. Law and Analysis

{¶ 7} We apply an abuse of discretion standard in reviewing the denial of a petition to seal a record under R.C. 2953.32.[2] *Bedford v. Bradberry*, 8th Dist. Cuyahoga No. 100285, 2014-Ohio-2058, ¶ 5, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001). However, an abuse-of-discretion standard is not appropriate when a lower court's judgment is based on an erroneous interpretation of the law. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. A trial court's interpretation of a statute is a question of law that we review de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9.

---

[2] Preliminarily, we note that while the words "sealing" and "expungement" have, at times, been used interchangeably in this case, they are not the same thing. "Expungement occurs when a conviction is completely erased from one's record. Sealing is when the records of a conviction are filed in a 'separate, secured location' and 'cannot be seen by most people.'" *State v. D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271, ¶ 5 (8th Dist.), quoting The Ohio Justice & Policy Center's Criminal Records Manual, Understanding and Clearing Up Ohio Criminal Records, and Overcoming the Barriers They Create, http://ohiojpc.org/wp-content/uploads/2015/07/OJPCs-Criminal-Record-Manual.pdf (accessed Sept. 18, 2019).

{¶ 8} R.C. 2953.52 governs the sealing of records after certain dispositions other than a conviction. It provides, in relevant part:

> Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

{¶ 9} This statute is subject to R.C. 2953.61, which provides, in relevant part:

> Except as provided in division (B)(1) of this section, a person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32 or 2953.52 of the Revised Code for the sealing of the person's record in relation to any of the charges when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person would be able to apply to the court and have all of the records pertaining to all of those charges sealed pursuant to section 2953.32 or 2953.52 of the Revised Code.

{¶ 10} Accordingly, under this statute, "'when multiple offenses have different dispositions, an application to seal a record may be filed *only when the applicant is able to apply to have the records of all the offenses sealed.*'" (Emphasis added.) *State v. G.K.*, Slip Opinion No. 2022-Ohio-2858, ¶ 9, quoting *Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, at ¶ 17.

{¶ 11} E.H. appears to acknowledge that OVI convictions may not be sealed under R.C. 2953.36(A)(2); however, she argues that her OVI conviction in this matter was actually dismissed. Following her completion of the ILC, the court ordered that her "supervision be terminated and *the case* be dismissed." (Emphasis added.) E.H. contends that use of the term "the case" meant the entire case,

including the OVI charge, for which she had already been convicted and sentenced, and that R.C. 2953.61(B)(1) does not prohibit the sealing of a *dismissed* OVI charge.

{¶ 12} This argument lacks merit. E.H. pled guilty to and was sentenced on the OVI charge. Consequently, that charge was resolved and could no longer be dismissed. Various counts in an indictment will sometimes be resolved in different ways, and multiple offenses may have different dispositions. *See G.K.* at ¶ 8. "Generally, in a criminal case, the final judgment is the sentence." *State v. Sanner*, 2d Dist. Greene No. 2007 CA 13, 2008-Ohio-1168, ¶ 8. At the time of the court's entries dismissing "the case," the only charge that still required a disposition was the firearms charge. Thus, the trial court's statement that "the case" was dismissed only applied to the remaining charge, i.e., the firearms charge — the charge for which E.H. had completed the ILC.

{¶ 13} The ILC statute provides,

> If the court grants the offender's request, the court shall accept the offender's plea of guilty * * * . In addition, the court then may stay all criminal proceedings and order the offender to comply with all terms and conditions imposed by the court pursuant to division (D) of this section.

R.C. 2951.041(C). Once the offender has successfully completed the intervention plan, the statute requires the court to "dismiss the proceedings against the offender." R.C. 2951.041(E).

{¶ 14} In the instant matter, the trial court accepted E.H.'s plea to the OVI charge and stayed all proceedings for the firearms charge. E.H. was then convicted of and sentenced on the OVI charge. Thus, the only remaining "proceedings" before

the court that could be dismissed under R.C. 2951.041(E) related to the firearms charge. There was nothing before the court that would allow the court to essentially reopen the OVI charge and dismiss it. Accordingly, we find that E.H.'s OVI charge had already been disposed of and that charge could therefore not be dismissed

{¶ 15} E.H.'s OVI conviction is excluded from sealing by R.C. 2953.36(A)(2), which excepts Chapter 4511 convictions. The Supreme Court of Ohio has held that "an applicant with multiple convictions in one case may not partially seal his or her record pursuant to R.C. 2953.32 when one of the convictions is statutorily exempt from being sealed under R.C. 2953.36." *Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, at ¶ 18, citing *Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, at ¶ 21.

{¶ 16} We further find that the trial court was not required to conduct a hearing prior to denying E.H.'s motion. This court has held that "when a conviction an applicant is attempting to seal is for [a conviction excluded under R.C. 2953.36], the court need not hold a hearing because the statutory provisions do not apply." *State v. V.S.*, 8th Dist. Cuyahoga No. 105264, 2017-Ohio-1565, ¶ 11.

{¶ 17} We find that the trial court did not err in denying E.H.'s motion, and her sole assignment of error is overruled.

### III. Conclusion

{¶ 18} The trial court did not err in denying E.H.'s motion to seal records without a hearing. Because E.H.'s case involved an OVI conviction along with the

firearms charge, she was not eligible to apply for sealing of the case under R.C. 2953.61.  E.H.'s sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR