OPINION
{¶ 1} Anne Frayne appeals from the judgment of the Dayton Municipal Court in favor of Client Services, Inc. (hereinafter "Client"). This litigation began on December 26, 2005, when Fifth-Third Bank filed a complaint against Frayne alleging that she owed it Two-Thousand, Eight-Hundred Forty-Seven and 30/100 Dollars ($2,847.30) upon a *Page 2 
certain credit card account. Fifth-Third attached an account summary to the complaint. On January 11, 2006, Frayne answered and denied that she owed the amount alleged in the complaint and counterclaimed against Fifth-Third for an accounting and damages for breach of covenant of good faith. She also filed a third-party complaint against Client and attorneys Weltman, Weinberg Reis Co., for alleged violations of the Fair Debt Collection Practices Act. Fifth-Third answered and denied the allegations in Frayne's counterclaim and raised numerous defenses, including the statute of limitations. Client answered the third-party complaint and denied the allegations of the third-party complaint and also raised the defense of the statute of limitations. Client then moved for a judgment on the pleadings contending that Frayne's complaint had established that the one-year statute of limitations for Frayne filing her Fair Debt Collection Practices Act violation had expired.
 {¶ 2} The trial court granted Client's motion for judgment on the pleadings and dismissed Frayne's third-party complaint against Client. Frayne then appealed that judgment after obtaining a Civ.R. 54(B) finding that there was no just cause for delay in appealing the trial court judgment in favor of Client. This appeal followed.
 {¶ 3} In three related assignments of error, Frayne argues that the trial court erred in granting Client's motion for judgment on the pleadings. In granting the judgment, the trial court wrote as follows:
 {¶ 4} "Third Party Defendant Client Services is moving for Judgment on the Pleadings because Frayne's Third Party Complaint was filed on January 11, 2006, over one year from the last alleged Federal Debt Collection Practices Act (FDCPA) violation. Anne Frayne asserts in her memorandum in Opposition that she filed within the one-year *Page 3 
statute of limitations. She claims that, as of March 18, 2005, Client Services had not responded to her request for verification of the debt and was still telephoning after she sent a written request to stop. In its Reply, Client Services maintains that it ceased collection efforts after December 30, 2004, making December 30, 2005 the one-year deadline for FDCPA violations. The last contact date by Client Services alleged in the Complaint is January 4, 2005. Client Services asserts that even if that date is used, Frayne is still outside the statute of limitations.
 {¶ 5} "15 U.S.CA Section 1692k provides in part:
 {¶ 6} "Any action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.
 {¶ 7} "A determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings. Dismissal is appropriate where the court `(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.' Compton v. 7-Up Bottling Co. (1997),119 Ohio App.3d 490, 570.
 {¶ 8} "The Court finds that the last date Frayne alleged in her Third Party Complaint that she was contacted by Client Services was January 4, 2005. Therefore, the Third Party Complaint against Client Services was not brought within one year of the last alleged FDCPA violation.Bygrave v. Van Reken (C.A. 6, Mich.), 238 F.3d 419; Burdett v. Harrah'sKansas Casino Corp. (D. Kan. 2003), 294 F.Supp.2d 1215. *Page 4 
 {¶ 9} "The Court hereby grants the Motion for Judgment on the Pleadings and Dismisses the Third Party Complaint against Third Party Defendant Client Services."
 {¶ 10} Frayne argues that the trial court erred in granting Client's motion because the court failed to follow the dictates of Civ.R. 12(C) by not construing the material allegations in her complaint as true, drawing all reasonable inferences in favor of the nonmovant. In particular, Frayne refers to paragraph 30 of her counterclaim which is incorporated into the third-party complaint wherein, in a copy of a letter dated March 18, 2005, attached to the counterclaim, she wrote to Client, "You have continued to call me, but you do not provide me with the information that you are required to provide by law. Please provide it to me immediately." Frayne argues that this letter, incorporated as part of the pleading, expressly stated, as well as implied, that Client was continuing to call her and make collection efforts as of March 18, 2005, which prompted her to send the letter of March 18, 2005.
 {¶ 11} Client argues the trial court appropriately granted it judgment on the pleadings because this vague and ambiguous assertion in paragraph 30 of the counterclaim does nothing to establish the court erred in finding that the last collection effort made by Client occurred prior to January 11, 2005. Client argues that the fact Fayne continued to contact Client after January 11, 2005 is not relevant to whether it continued to contact Frayne after that date.
 {¶ 12} It is noteworthy that Frayne alleged in her complaint that Client began calling her as early as March 30, 2003 about the alleged credit card debt it was attempting to collect from her. She alleged she requested that Client provide an accounting on a number of occasions, but it failed to respond. Frayne alleged that she *Page 5 
sent a letter on December 28, 2004 to Client reminding it that she had verbally requested an accounting on four prior occasions when they had contacted her. She also alleged that she requested that their agents stop calling her until Fifth-Third provided her the documentation she requested. She alleged she continued to receive collection calls from Client, and again on January 4, 2005 she sent a letter to Client asking they not call her until she received the proper documentation of the alleged debt. Finally, Frayne wrote the March 18, 2005 letter previously mentioned.
 {¶ 13} Under Civ.R. 12(C), granting a motion for judgment on the pleadings is appropriate when a court (1) construes the material allegations in the complaint as true, drawing all reasonable inferences in favor of the nonmovant, and (2) finds, beyond doubt, that the nonmovant can prove no set of facts in support of her claim that would entitle her to relief. State ex rel. Midwest Pride IV, Inc. v.Pontious (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931.
 {¶ 14} A motion for judgment on the pleadings based upon a violation of the statute of limitations is permissible and timely when it is filed prior to the filing date of an answer and the bar of the statute is obvious from the face of the complaint. Hughes v. Robinson MemorialPortage Cty Hosp. (1984), 16 Ohio App.3d 80, 16 OBR 85, 474 N.E.2d 638, at paragraph one of the syllabus.
 {¶ 15} We agree with Appellant her letter of March 18, 2005 to Client clearly implies that Client continued to make collection calls to her after January 11, 2005, the date the statute of limitations expired. Giving her all the reasonable inferences that the letter implies, the bar of the statute of limitations as raised by Client is not obvious.
 {¶ 16} Client argues that the trial court correctly dismissed Frayne's complaint *Page 6 
because Frayne failed to plead that Client continued collection efforts after Frayne disputed the alleged debt and sought verification of the debt from Client. 15 U.S.C. § 1692g(b) provides:
 {¶ 17} "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." (Emphasis added.)
 {¶ 18} In paragraph 22 of Frayne's counterclaim, adopted as part of the third-party claim, she specifically stated that on December 14, 2004 Mark Fischer of Client contacted her and demanded she pay her Visa account balance, and she told him she had no Visa card. In paragraph 23, Frayne stated that on December 17, 2004, she sent a letter to Client and again requested an accounting or verification of the alleged debt. The March 18, 2005 letter to Client, wherein Frayne informed Client that "[y]ou have continued to call me, but you do not provide me with the information you are requested to provide by law," states a cause of action under the Fair Debt Collection Practices Act. The Appellant's assignments of error are sustained. The judgment of the trial court is Reversed and Remanded for further proceedings.
 GRADY and DONOVAN, JJ., concur. *Page 1