[Cite as *State v. E.K.*, 2024-Ohio-5496.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

      Plaintiff-Appellant,        :            No. 24AP-183
                                                     (M.C. No. 2023 CRB 017791)
v.                                          :
                                                        (REGULAR CALENDAR)
[E.K.],                                     :

      Defendant-Appellee.         :

_____

D E C I S I O N

Rendered on November 21, 2024

_____

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, *Orly Ahroni*, and *Dave Pelletier*, for appellant.

**On brief:** *E.K.*, pro se.  **Argued:** *E.K.*

_____

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1}  Plaintiff-appellant, State of Ohio, appeals from an entry of the Franklin County Municipal Court granting the application of defendant-appellee, E.K., pro se, for the expungement of records pursuant to R.C. 2953.33.  For the following reasons, we reverse.

## I. Facts and Procedural History

{¶ 2}  On October 28, 2023, the state charged E.K. with one count of domestic violence, in violation of R.C. 2919.25(A), a first-degree misdemeanor; and one count of assault, in violation of R.C. 2903.13(A), a first-degree misdemeanor.  The charges were filed under the same case number.  Subsequently, the charges were dismissed.

{¶ 3}   On January 15, 2024, E.K. filed an application requesting the trial court expunge the record of the dismissed charges.  The trial court scheduled the matter for an April 4, 2024 hearing.  Prior to the scheduled hearing date, the trial court granted E.K.'s application for expungement in a February 12, 2024 entry.  There is no record of the proceedings before the trial court resulting in the expungement.

{¶ 4}   Before the scheduled hearing date but after the trial court issued the entry granting the application for expungement, the state filed an objection to E.K.'s application in the trial court on February 21, 2024, arguing that R.C. 2953.33(A) did not permit expungement of E.K.'s dismissed charge of domestic violence.  Instead, the state argued, the dismissed charge was eligible only for sealing.  The state additionally argued that because the assault charge was filed under the same case number as the domestic violence charge, E.K.'s dismissed assault charge was also ineligible for expungement.  The trial court did not formally respond to the state's objection.

{¶ 5}   The state timely appeals the trial court's entry granting the application for expungement.

## II.  Assignments of Error

{¶ 6}   The state assigns the following two assignments of error for our review:

[I.] The trial court erred when it granted Appellee's application to expunge the record of dismissal because dismissed charges alleging a violation of R.C. 2919.25 are statutorily prohibited from being expunged.

[II.] The trial court erred when it granted Appellee's application to expunge the record of dismissal of her assault charge because partial expungement under the same case number is not permitted.

## III.  First Assignment of Error – Dismissed Domestic Violence Charge

{¶ 7}   In its first assignment of error, the state argues the trial court erred when it granted E.K.'s application to expunge the record of dismissal of her domestic violence charge.  More specifically, the state asserts dismissed charges alleging a violation of R.C. 2919.25 are prohibited from expungement pursuant to R.C. 2953.33(A) and (C).

{¶ 8}   An appellate court generally reviews a trial court's decision on an application for expungement for an abuse of discretion.  *State v. J.L.*, 10th Dist. No. 18AP-281, 2019-

Ohio-681, ¶ 5, citing *State v. D.G.*, 10th Dist. No. 14AP-476, 2015-Ohio-846, ¶ 6.  An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable.  *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, ¶ 34, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).  However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo.  *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 9.

{¶ 9}  Expungement is a statutorily created privilege, not a right.  *In re J.L.* at ¶ 7, citing *In re Koehler*, 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12.  Because expungement is an "act of grace created by the state," a court may grant an expungement only when the applicant meets all statutory requirements for eligibility.  *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6; *State v. Brewer*, 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White*, 10th Dist. No. 05AP-529, 2006-Ohio-1346, ¶ 4-5.

{¶ 10} R.C. 2953.33 sets forth when a defendant in a case where charges are dismissed may apply for expungement.  R.C. 2953.33(A)(1) provides "[a]ny person * * * who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal or, except as provided in division (C) of this section, expunge the person's official records in the case."  As relevant here, R.C. 2953.33(C) states "[a] person who is the defendant named in a dismissed complaint, indictment, or information * * * is not entitled to have records of the case expunged under this section if the case involves * * * [a] violation of section 2919.25 or 2919.27 of the Revised Code."  R.C. 2953.33(C)(1)(f).

{¶ 11} There is no dispute E.K. was charged with one count of domestic violence in violation of R.C. 2919.25, that the charge was ultimately dismissed, and that E.K. filed her application seeking expungement under R.C. 2953.33.  The state argues that because R.C. 2953.33 specifically prohibits a defendant named in a dismissed complaint alleging a violation of R.C. 2919.25 from being entitled to have the records of the case expunged, the trial court erred in granting E.K.'s application.  E.K. responds that the statute does not render her ineligible for expungement because the statute prohibits expungement only for "a *violation* of section 2919.25."  (Emphasis added.)  R.C. 2953.33(C)(1)(f).  Since the domestic violence charge against her was dismissed, E.K. argues the case cannot be deemed to involve a "violation" of R.C. 2919.25.  Instead, E.K. asserts that the only way for a

"violation" of R.C. 2919.25 to occur is for a defendant to be found guilty of R.C. 2919.25. E.K. reasons that the dismissal of her domestic violence charge necessarily precludes her from the category of defendants prohibited from seeking expungement under R.C. 2953.33(C).

{¶ 12} Statutory interpretation is a question of law subject to de novo appellate review. *State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252, ¶ 13. A court's duty is to give effect to the words used in a statute, not to delete or insert words. *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, ¶ 10. "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statue is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. "Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed. Otherwise, allegations of ambiguity become self-fulfilling." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 11. Ambiguity exists only if the language of a statute is susceptible of more than one reasonable interpretation. *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513 (1996).

{¶ 13} Through her argument, E.K. improperly isolates the word "violation" from its context and ignores the plain language of the statute. *State ex rel. Choices for South-Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, ¶ 40 (to discern legislative intent, a court first considers the statutory language, "reading words and phrases in context and construing them in accordance with rules of grammar and common usage"). Additionally, to accept E.K.'s position that she cannot be deemed to fall within R.C. 2953.33(C)(1)(f) because she was not *convicted* of violating R.C. 2919.25 would require this court to ignore the plain language of the statute directing that expungement is not available to a defendant named in a *dismissed* complaint that involves a violation of R.C. 2919.25. *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, ¶ 23 ("court[s] must give effect to the words used, making neither additions nor deletions from words chosen by the General Assembly"). E.K.'s reading of the statute also ignores the ordinary meaning of the terms "complaint," "indictment," and "information," as those are mechanisms for instituting criminal proceedings by stating a violation of a criminal statute

and necessarily always predate a conviction. Accordingly, we reject E.K.'s unreasonable reading of the statute.

{¶ 14} Instead, we agree with the state that the meaning of R.C. 2953.33 is clear and unambiguous, and we must apply the statute according to its terms rather than interpret it. *In re Certificate of Need Application for Project "Livingston Villa," Cuyahoga Cty.*, 10th Dist. No. 15AP-1146, 2017-Ohio-196, ¶ 38 (when a statute's meaning is "clear, unequivocal, and definite, then statutory interpretation ends, and the court applies the statute according to its terms"), citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4893, ¶ 11. R.C. 2953.33(A) plainly provides expungement is available to a defendant in a dismissed complaint *except* as provided in R.C. 2953.33(C). In turn, R.C. 2953.33(C)(1)(f), by its plain and unambiguous terms, prohibits the expungement of records of dismissal where the dismissed complaint, indictment, or information involves a violation of R.C. 2919.25. Thus, because E.K.'s dismissed complaint involves a violation of R.C. 2919.25, E.K. is not entitled, pursuant to the plain terms of R.C. 2953.33, to have the records of her dismissed complaint expunged.

{¶ 15} Despite the statutory framework, E.K. asserts there is no legitimate public policy interest to be served by preventing her from expunging the records of a dismissed complaint. Though E.K. disagrees with the consequences resulting from application of the statute, we are nonetheless constrained by the plain language of R.C. 2953.33. *See State v. G.K.*, 169 Ohio St.3d 266, 2022-Ohio-2858, ¶ 32 ("[w]e rely on what the General Assembly has written when statutory language is unambiguous, as the legislature is the ultimate arbiter of public policy," but "[j]ust as it is up to the legislature to make policy judgments with regard to sealing records of convictions, it is also within its purview to consider removing the barrier to sealing records of dismissed charges") (O'Connor, J., concurring). Because E.K. is not eligible to have the records of the dismissed charge of a violation of R.C. 2919.25 expunged under the plain language of R.C. 2953.33, the trial court erred in granting her application for expungement of the records of the dismissed domestic violence charge.

{¶ 16} For these reasons, we sustain the state's first assignment of error.

**IV. Second Assignment of Error – Dismissed Assault Charge**

{¶ 17} In its second and final assignment of error, the state argues the trial court additionally erred in granting E.K.'s application for expungement of the records of her dismissed assault charge. Unlike the dismissed charge of domestic violence, the plain language of R.C. 2953.33 does not prohibit a defendant named in a dismissed complaint, indictment, or information stating a violation of R.C. 2903.13 from seeking expungement of the records of the dismissed charge of assault. Nonetheless, the state asserts the trial court erred in granting the application for expungement with respect to the dismissed assault charge because both the dismissed domestic violence charge and the dismissed assault charge were docketed under the same case number.

{¶ 18} The Supreme Court of Ohio has held that "when an applicant with multiple convictions under one case number moves to seal his or her criminal record in that case pursuant to R.C. 2953.32 and one of those convictions is statutorily exempt from sealing pursuant to R.C. 2953.36, the trial court may not seal the remaining convictions." *Futrall* at ¶ 15. Although *Futrall* involved convictions rather than dismissed charges, this court later found "*Futrall*'s holding equally applicable to the records of dismissed charges." *In re K.J.*, 10th Dist. No. 13AP-1050, 2014-Ohio-3472, ¶ 31 (discussing applicability of *Futrall* to sealing of records of dismissed charges under former R.C. 2953.52, now renumbered as R.C. 2953.33, and concluding the statute "demonstrate[s] the General Assembly's intent to authorize the sealing of cases, and not the sealing of individual charges within a case"), citing *Futrall* at ¶ 20.

{¶ 19} Following *In re K.J.* and *Futrall*, because the dismissed domestic violence charge and the dismissed assault charge were filed under the same case number, and because the dismissed domestic violence charge was statutorily ineligible for expungement, the trial court cannot expunge the record of the case. *In re K.J.* at ¶ 31; R.C. 2953.33(A) ("the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal or, except as provided in division (C) of this section, expunge the person's official records *in the case*"). (Emphasis added.) Thus, we agree with the state the trial court erred in granting the application for expungement of the dismissed assault charge.

{¶ 20} We sustain the state's second and final assignment of error.

**V. Disposition**

{¶ 21} Based on the foregoing reasons, the trial court erred in granting E.K.'s application for expungement pursuant to R.C. 2953.33 because the dismissed charge of domestic violence was statutorily ineligible for expungement and the dismissed assault charge was filed under the same case number as the dismissed domestic violence charge. Having sustained the state's two assignments of error, we reverse the judgment of the Franklin County Municipal Court and remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed*;
*cause remanded.*

MENTEL, P.J., and EDELSTEIN, J., concur.

——————————————