[Cite as *State v. Williamson*, 2025-Ohio-2402.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RONNIE H. WILLIAMSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 24 MO 0020; 24 MO 0021; 24 MO 0022**

---

Criminal Appeal from the
County Court of Monroe County, Ohio
Case Nos. CRB2300182; CRA230091 A, B; CRB2300092

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. James L. Peters*, Monroe County Prosecutor and *Atty. Helen Yonak*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Samuel H. Shamansky*, and Atty. Donald L. Regensburger, for Defendant-Appellant

Dated:  June 30, 2025

---

**WAITE, J.**

{¶1} Appellant Ronnie H. Williamson was charged in the Monroe County Court with attempted vehicular assault, domestic violence, vandalism, and OVI after he drove his car into the residence of E.W. while he was intoxicated. Appellant entered into a plea agreement in which he agreed to plead guilty to OVI, plead no contest to an amended charge of criminal mischief, and have the charges except the OVI held in abeyance while he entered a diversion program. If he successfully completed the diversion program, all the open charges would be dismissed and he would be permitted to file an application to seal the record. After completing the terms of the diversion program, he filed an application to seal the record, but it was denied by the trial court. This denial of his application to seal the record is Appellant's sole concern on appeal.

{¶2} The trial court denied the application to seal Appellant's record on the basis of R.C. 2953.61, which prohibits sealing the records of multiple offenses related to the same act or conduct if one of the offenses cannot lawfully be sealed. Appellant pleaded guilty to and was convicted of OVI, and this conviction cannot lawfully be sealed. Hence, the court determined that as the charges were all related, none of them could be sealed due to Appellant's OVI conviction. Appellant contends that there was no evidence in the record to show the charges were related, but Appellant's assertion in this regard is incorrect. The affidavit attached to the original complaint clearly describes his crimes, including the OVI, and the original complaint sets forth all the charges, including OVI. Therefore, the trial court's finding is correct and is supported by the record.

{¶3} Appellant also argues that the prosecutor and the trial judge promised that the dismissed charges would be sealed as part of the plea agreement. The court

disagreed, determining that it had only informed Appellant he would be permitted to file an application to seal the record and that the court would review it, not that the application would be granted. Appellant seeks to have us determine that the trial court was permitted to seal the record of the non-OVI offenses. Alternatively, Appellant requests to withdraw his plea based on what he wrongly perceives as a failure to comply with the plea agreement. Appellant's argument regarding the invalidity of his plea is moot, because the charges against him have already been dismissed. The record supports the trial court's findings, analysis, and judgment. The court was prohibited from granting Appellant's application to seal the record, and the judgment of the trial court is affirmed.

<u>Facts and Procedural History</u>

**{¶4}** On April 21, 2023, Assistant Prosecutor Jamie A. Riley filed a complaint in the Monroe County Court accusing Appellant of committing four crimes:

Count 1: attempted aggravated vehicular assault, R.C. 2903.08(A)(1)(a), F-4 (Case No. 23-CR-A-91A);

Count 2: operating a vehicle while under the influence of alcohol (OVI), R.C. 4511.19(A)(1)(a), M-1(Case No. 23 TRC-193) ;

Count 3: vandalism, R.C. 2909.01, F-5 (Case No. 23-CR-A-91B);

Count 4: domestic violence, R.C. 2919.25(A), M-1 (Case No. 23-CR-B-92).

**{¶5}** The affidavit in support of the complaint explained that on April 20, 2023, Appellant, while intoxicated, drove his car into the residence of Emily Williamson. This complaint and affidavit are part of the record. On May 3, 2023, Appellant filed a Waiver of Preliminary Hearing and the case was bound over to the Monroe County Grand Jury.

This was later vacated when Appellant and the state entered into a negotiated plea agreement on all charges.

{¶6} The plea agreement was presented to the court in a hearing held on July 26, 2023. Appellant agreed to plead guilty to OVI and to be sentenced for this crime. (7/26/23 Tr., pp. 6, 9.) The court accepted the OVI guilty plea and sentenced Appellant to three days in jail, a $375 fine and court costs, and a one-year license suspension.

{¶7} As part of this agreement, Appellant also agreed to plead no contest to a misdemeanor charge of criminal mischief in place of his felony vandalism charge, and to enter into a diversion program. If the terms of the diversion program were successfully completed by Appellant, his negotiated charge of criminal mischief would be dismissed. The attempted aggravated vehicular assault, vandalism, and domestic violence charges would also be dismissed. All were subject to refiling if Appellant failed the terms of the diversion program. (7/26/23 Tr., pp. 7-8.) Although the record also inartfully contains a reference to Appellant agreeing to intervention in lieu of conviction, the trial judge was clear that it did not have authority to impose intervention in lieu of conviction, and that the distinction between diversion and treatment in lieu of conviction could not be raised as an issue on appeal. (July 26, 2023 Tr., p. 14.)

{¶8} The judgment entries memorializing the plea agreement, diversion requirements, and sentence were filed on July 26, 2023 and August 8, 2023. Appellant pleaded guilty to OVI and criminal mischief (although the criminal mischief charge had not yet been filed). The court held Appellant's guilty plea to criminal mischief in abeyance and ordered Appellant into diversion. The program consisted of Appellant's attendance at Alcoholics Anonymous meetings; abstaining from possession or use of alcohol or drugs

of abuse for a minimum of one year; that he was subject to random drug and alcohol tests; and he was to perform 40 hours of community service. If Appellant successfully completed the diversion program, the court agreed it would dismiss the vandalism charge (as amended to criminal mischief). The trial court judge also stated: "[T]he court may order the sealing of records relating to the offense in a manner prescribed by Sections 2953.31 through 2953.36 of the Ohio Revised Code." (7/26/23 J.E., p. 2).

{¶9} On August 8, 2023 Assistant Prosecuting Attorney Helen Yonak filed a complaint in the Monroe County Court accusing Appellant of committing criminal mischief with risk of harm to a person pursuant to R.C. 2909.07(A)(1), a misdemeanor of the first degree. The affidavit in support states that on or about April 20, 2023, Appellant did damage the property of another with risk of physical harm to a person. This was filed as Case No. 23-CR-B-182, M-1, and the complaint is part of the record in this matter in Appeal No. 24 MO 0020. This charge replaced the charge of felony vandalism in Case No. 23-CR-B-91, F-5, that was to be dismissed if Appellant successfully completed his diversion program pursuant to the terms of his plea agreement.

{¶10} On August 8, 2023, Appellant entered a written plea of no contest to the charge of committing criminal mischief, despite the fact that he had already entered a guilty plea to the charge on July 26, 2023. Also on August 8, 2023, the court filed a dismissal entry regarding Appellant's remaining charges: attempted aggravated vehicular assault, vandalism, and domestic violence.

{¶11} On June 18, 2024, in Case No. 23-CR-B-182 (the criminal mischief case) the court filed an entry finding that Appellant had completed all of the sanctions of his diversion program, and dismissed the case. The entry contained the language that

Case Nos. 24 MO 0020; 24 MO 0021; 24 MO 0022

"Defendant may file an application requesting that this matter be sealed and/or expunged."

**{¶12}** On June 18, 2024, Appellant filed a pro se Application seeking Record Sealing/Expungement in Cases 23-CR-A-91A (attempted vehicular assault, F-4), 23-CR-B-92 (domestic violence, M-1), 23-CR-A-91B (vandalism, F-5), and 23-CR-B-182 (criminal mischief, M-1).   These represent all of the charges arising from his OVI matter except for the actual OVI charge and conviction.  Again, Appellant pleaded guilty to this charge.

**{¶13}** The court held a hearing on August 21, 2024 to review the application.  The court determined that the offenses listed in Appellant's application were not eligible to be sealed or expunged because the charges were all related and because an OVI conviction formed a part of the charges.  The court cited R.C. 2953.61 as the basis for denying the petition for sealing the record, but deferred ruling for thirty days to allow the parties to file legal memorandums on the issue.  Both parties filed memorandums.  The court ruled on the matter on November 4, 2024.  The court found that the factual basis for all of the charges occurred on April 20, 2023, and was part of the record in all of these matters.  The court specifically relied on the April 21, 2023 affidavit attached to the original complaint, which provided:

> Jamie A. Riley Pointer, being duly cautioned and sworn, says that on or about the 20th day of April, 2023, one Ronnie H. Williamson did attempt to cause serious physical harm to [E.M.] while in the operation of his motor vehicle and while under the influence of alcohol or any drug of abuse, by

crashing his motor vehicle into the residence of [E.M.], causing serious physical harm to said residence.

{¶14} The court stated that the parties had negotiated a plea agreement to resolve all of the pending charges arising in the case. This was memorialized in the judgment entries of July 26, 2023 and August 8, 2023. As a result, the agreement provided that: 1) Appellant would plead guilty to OVI and would serve the minimum sentence for that charge; 2) the vandalism charge would be amended to criminal mischief; 3) Appellant would plead no contest to criminal mischief, with the finding of guilt held in abeyance while Appellant entered into and worked on a diversion program; and 4) the criminal mischief charge and counts 1, 3, and 4 of the complaint would be dismissed after Appellant successfully completed his diversion program.

{¶15} The court determined Appellant successfully completed all of the sanctions of the diversion program, the criminal mischief case and the other affiliated charges would be dismissed. The dismissal entries did not promise that expungement would be granted, but only that Appellant could file an application for expungement.

{¶16} The court held that pursuant to R.C. 2953.61, if an OVI conviction arises from multiple charges in connection with the same act, none of the charges can be expunged. The court held that all of Appellant's charges arose from the same conduct and were related, and since an OVI was one of the charges, none could be expunged. The court held that the parties' attempt to spin off the OVI charge by creating separate files with separate paperwork did not change the fact that all of his charges arose from the same conduct. The court then denied Appellant's application.

{¶17} Appellant filed three notices of appeal:

Case Nos. 24 MO 0020; 24 MO 0021; 24 MO 0022

(1)  24 MO 0020 regarding Case No. 23-CR-B-182 (the criminal mischief case).

(2)  24 MO 0021 regarding Case Nos. 23-CR-A-91A and 23-CR-A-91B (the attempted vehicular assault and vandalism cases).

(3)  24 MO 0022 regarding Case No. 23-CR-B-92 (the domestic violence case).

**{¶18}** Appellant did not appeal his OVI conviction and sentence, and he did not file an application to expunge that charge.

**{¶19}** Appellant raises two assignments of error on appeal.  Appellee has responded and attached a variety of the documents in the record to its brief.  One of these is a purported plea offer to Appellant that is not a matter of record.  It is hereby stricken from the record on appeal.

## ASSIGNMENT OF ERROR NO. 1

IN DENYING APPELLANT'S APPLICATION, THE TRIAL COURT ERRED AS A MATTER OF LAW BY BASING ITS LEGAL ANALYSIS UPON A TESTIMONIAL HEARSAY STATEMENT WHICH WAS NEVER SUBJECTED TO CONFRONTATION, CROSS-EXAMINATION, AND WHICH ASSERTED FACTS CONTRARY TO THOSE PREVIOUSLY ACCEPTED BY THE TRIAL COURT DURING APPELLANT'S PLEA HEARING.

**{¶20}** Appellant's goal on appeal is to have us return this case to the trial court to grant, or at least reconsider, Appellant's application to seal his record.  Appellant urges that the trial court promised to seal the three dismissed charges brought against him if he fulfilled the terms of his diversion program.  There is no question that Appellant

successfully completed the diversion program. The charges involved in Appellant's plea agreement and which he seeks to have sealed are: attempted vehicular assault (F-4); domestic violence (M-1); and vandalism (F-5) (amended by agreement to criminal mischief (M-1)). All of the charges were dismissed as part of his plea agreement that included the terms of a diversion program, as well as an agreement that Appellant would plead guilty to OVI and be sentenced for that crime. According to Appellant, both the prosecutor and the trial judge promised that the dismissed charges would be sealed, and he asks us to order that all four cases be sealed.

{¶21} The parties refer to both the expungement and sealing of records. Although these are separate procedures, they both arise out of the same statutory application process: R.C. 2953.33. Appellant filed a petition to seal or expunge his records. The distinction between the two procedures is not particularly important to this appeal and we will use the word "seal" to refer to both sealing and expunging the record.

{¶22} There are two parts to Appellant's first assignment of error. In the first part of his argument he contends the trial court erroneously concluded that R.C. 2953.61 prevented the court from sealing the records of the dismissed cases because they were related to an OVI conviction and arose from the same criminal act. Appellant contends the court misinterpreted R.C. 2953.61, and there was no factual basis upon which the trial court could have concluded that the OVI conviction was related to the other charges.

{¶23} Appellee and the trial court agree that R.C. 2953.61 prohibits the sealing of related charges if one of the crimes is OVI. Both the state and the trial court relied on the affidavit attached to the original complaint as well as other facts in the record connecting all of the crimes. Hence, we must closely look at the relevant statutes.

{¶24} Sealing of a criminal record is an "act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). Generally, a trial court's decision to grant or deny a request to seal records is subject to an abuse of discretion standard of review. *State v. Futrall*, 2009-Ohio-5590, ¶ 6-7. However, when the decision is based on an erroneous interpretation or application of the law, the matter is reviewed de novo. *Id.*

{¶25} Provisions dealing with sealing of records are contained in R.C. 2953.31 through 2953.61.

{¶26} R.C. 2953.61(A) states:

(A) Except as provided in division (B)(1) of this section, *a person charged with two or more offenses as a result of or in connection with the same act may not apply to the court pursuant to section 2953.32, 2953.33, or 2953.521 of the Revised Code for the sealing or expungement of the person's record in relation to any of the charges*, and a prosecutor may not apply to the court pursuant to section 2953.39 of the Revised Code for the sealing or expungement of the record of a person in relation to any of the charges if the person was charged with two or more offenses as a result of or in connection with the same act, *when at least one of the charges has a final disposition that is different from the final disposition of the other charges until such time as the person, or prosecutor, would be able to apply to the court and have all of the records pertaining to all of those charges sealed or expunged* pursuant to section 2953.32, 2953.33, 2953.39, or 2953.521 of the Revised Code. (Emphasis added).

**{¶27}** The Ohio Supreme Court has interpreted this statute to mean that sealing of dismissed charges is not permitted if they arise from, or are connected to, the same act or conduct that led to a conviction on a charge that cannot be sealed by law. *State v. Pariag*, 2013-Ohio-4010, ¶ 7, 16. The defendant in *Pariag* was charged with three offenses: a traffic offense leading to a conviction, and two drug charges that were dismissed. The court recognized that generally, traffic convictions cannot be sealed or expunged. *Id.* at ¶ 20; former R.C. 2953.36; current R.C. 2953.32(A). The court also recognized that it is difficult or even impossible to partially seal records when part of the record involves a crime that cannot be sealed. *Id.* at ¶ 18; *State v. Futrall*, 2009-Ohio-5590, ¶ 21. The *Pariag* court held that it does not matter if the multiple charges are contained within a single case file, or in multiple files. *Pariag* at ¶ 7. When a defendant is seeking to seal multiple charges with different dispositions, none of them can be sealed unless all of them can be sealed. *Futrall* at ¶ 6-7; *State v. E.K.*, 2024-Ohio-5496, ¶ 18 (10th Dist.).

**{¶28}** Here, as in *Pariag*, Appellant is clearly seeking to have the records of three of four related charges sealed. Three of the charges were dismissed (one of which was amended to a new charge and then dismissed). One of the charges, the OVI, resulted in a conviction and sentence. It was in this context that the trial court was called upon to review Appellant's application. The court cited R.C. 2953.61 as the basis of its decision. R.C. 2953.61(B)(1) provides:

> *When a person is charged with two or more offenses as a result of or in connection with the same act and the final disposition of one, and only one, of the charges is a conviction under any section of Chapter 4507.,*

*4510., 4511., or 4549., other than section 4511.19* or 4511.194 of the Revised Code, or under a municipal ordinance that is substantially similar to any section other than section 4511.19 or 4511.194 of the Revised Code contained in any of those chapters, and *if the records pertaining to all the other charges would be eligible for sealing* or expungement under section 2953.33, 2953.39, or 2953.521 of the Revised Code in the absence of that conviction, *the court may order that the records pertaining to all the charges be sealed or expunged.* In such a case, the court shall not order that only a portion of the records be sealed or expunged. (Emphasis added).

**{¶29}** This statute contains a partial exception to the more general rule that traffic convictions cannot be sealed. Pursuant to this statute, certain traffic convictions may be sealed if the following conditions are met: multiple charges arose as a result of, or in connection with, the same act; one of the charges was a traffic violation that resulted in a conviction; the traffic conviction qualifies for sealing under the statute; and all the other charges also qualify for sealing. If these conditions are met, the court may seal all of the records. It may not seal only a portion of the records.

**{¶30}** The trial court in this matter correctly held that it could not seal Appellant's records under this statute because one of the related charges was an OVI as described in R.C. 4511.19 that resulted in a conviction, and an OVI conviction cannot be sealed pursuant to R.C. 2953.61. R.C. 2953.61 clearly excludes R.C. 4511.19 from its scope.

**{¶31}** Appellant argues that his OVI conviction was not clearly "a result of or in connection with the same act" as the rest of his dismissed charges. He agrees that R.C. 2953.61 bars the court from sealing his records if his OVI was connected with his other

charges. He argues, here, that the OVI is not connected to his other charges, and contends that there was no factual basis upon which the trial court could have found that the charges were related. He claims the trial court was not permitted to rely on the affidavit supporting the original complaint because it was based on hearsay information. He also believes that the charging documents in this case have no evidentiary value, because he initially pleaded "not guilty" and the state would have been required to prove its case beyond a reasonable doubt without relying on hearsay evidence if the matter had not been resolved by a plea deal. Appellant contends that he entered a plea of no contest to a charge of criminal mischief, and only the facts related to that case could be used against him. He contends that the only factual basis on which the court could have relied was the affidavit attached to the amended complaint of criminal mischief, and that affidavit does not mention any facts related to a traffic violation or an OVI. Appellant concludes that there is nothing in the record to connect the criminal mischief charge to the OVI conviction, and so the trial court erred by concluding that all of his charges were related and prevented the court from sealing the records.

{¶32} Appellant bases his argument on a variety of faulty premises. First, Appellant presumes that his OVI conviction should not have been considered by the trial court because it has a separate case file with its own complaint and its own case number. That argument was attempted in the *Pariag* case and was rejected: "[O]ur holding is not affected by the fact that the different charges were assigned different case numbers." *Pariag* at ¶ 17. Further, Appellant does not deny that he pleaded guilty to the OVI charge stemming from the events of April 20, 2023. He does not deny he was sentenced on that conviction and has served the sentence. Although the entire case file from the OVI

conviction is not part of this appeal, the existence of and references to the crime and Appellant's conviction are contained throughout the record of all three cases currently being appealed.

{¶33} Appellant's second faulty premise is that the trial court, in reviewing his application to seal the record, was limited to considering only the portions of the record containing evidence that would be admissible at trial. Appellant repeatedly accuses the trial judge of error in considering hearsay or constitutionally inadmissible evidence. Appellant argues that the affidavit supporting the original four charges would have no evidentiary value at trial on these charges and should not have been used by the trial judge. He complains the evidence relied on by the trial judge to evaluate his application was not subject to cross-examination or confrontation. However, there is nothing in R.C. 2953.32 et seq., or specifically in R.C. 2953.61, that places such evidentiary limitations on review of an application to seal the record. Appellant is attempting to have records sealed of charges that were dismissed, so evidentiary standards that apply to trials have no relevance, here. There was no trial, and Appellant was not convicted of these charges. The trial court was not tasked with trying to determine whether the defendant could be convicted of the charges. The court was called upon only to determine whether the charges were eligible for sealing. Necessarily then, the court first had to determine whether they arose as part of the same act or conduct.

{¶34} The affidavit supporting the April 21, 2023 complaint contains sufficient information connecting the four charges. It explains that Appellant drove his car into Emily Williamson's house while he was under the influence of alcohol, causing serious harm to the residence. The complaint lists four charges arising from these facts, including an OVI

charge. Actually, it contains two charges that connect an OVI violation to Appellant's conduct. The aggravated vehicular assault statute that was charged, R.C. 2903.08(A)(1)(a), includes the allegation that it occurred "as a proximate result of committing a violation of division (A) of section 4511.19 of the Ohio Revised Code [the OVI statute]". R.C. 4511.19 is the OVI statute. Even if we were to completely overlook the OVI charge itself, an OVI violation is still part of the record by virtue of Appellant's aggravated vehicular assault charge.

**{¶35}** There was no abuse of discretion in the trial judge's reliance on the complaint and affidavit when reviewing the application to seal, and no abuse of discretion in its conclusion that the charges, including the OVI charge, arose as part of the same act or conduct.

**{¶36}** Appellant's third faulty premise is that there was no proof that the charges were related because neither he nor the state proffered such evidence. He claims that he never admitted commission of attempted aggravated vehicular assault, vandalism, or domestic violence. He claims that, at most, he admitted to committing criminal mischief, but the affidavit to support that charge does not describe facts that connect it with an OVI violation.

**{¶37}** He also claims that there are no facts in the record to support his no contest plea to criminal mischief because the trial court failed to put into the record an explanation of the circumstances as required by R.C. 2937.07. This statue provides that "[a] plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the

offense." Although an explanation of circumstances (or evidence of a waiver of the explanation of circumstances) is required to support a conviction on this misdemeanor, Appellant was not found guilty of misdemeanor criminal mischief. Instead, he entered a no contest plea and as part of his plea deal the charge was held in abeyance when he entered the diversion program. After Appellant satisfactorily completed the terms of the diversion program, the charge was dismissed. He was never found guilty of criminal mischief, which was one of the main benefits of the diversion program. The trial judge expressly told him: "I am not making any finding of guilt today . . . ." (7/26/23 Tr., p. 10.) Thus, compliance or non-compliance with R.C. 2937.07 has no bearing on this appeal. An explanation of circumstances is irrelevant, here.

{¶38} It is also irrelevant that the affidavit for the criminal mischief complaint does not mention the facts of the OVI. Obviously, the elements of an OVI charge are quite different than those necessary to find criminal mischief, and the affidavit did not need to cite those additional facts. This does not support Appellant's contention that the criminal mischief charge was not related to the other charges. As we have already discussed, the original complaint connects all the charges to one course of criminal conduct. The transcript of the change of plea hearings clearly connects all the charges together, as does the plea agreement itself. The court opened the hearing by citing the case numbers of all four cases, including the OVI. (7/26/23 Tr., p. 3.) The court explained that the parties had "proposed resolution that would terminate all the pending legal matters in regard to Mr. Williamson." (7/26/23 Tr., p. 4.) The prosecutor explained that Appellant agreed to plead guilty to the OVI charge, and a sentence was proposed. (7/26/23 Tr., p. 5.) The prosecutor stated that Appellant's felony vandalism charge would be amended

Case Nos. 24 MO 0020; 24 MO 0021; 24 MO 0022

to misdemeanor criminal mischief, and Appellant would enter a no contest plea. (7/26/23 Tr., p. 5.) A finding relevant to guilt would be held in abeyance, and Appellant agreed to enter a diversion program on that charge. (7/26/23 Tr., p. 6.) All the terms of diversion were spelled out. If Appellant successfully completed the diversion program, the open charges would all be dismissed. The court explained all the rights Appellant was waiving by accepting all the terms of the plea agreement, including the right to have a trial, to present evidence, and to have the state prove its case against him. (7/26/23 Tr., p. 9.) The court specifically asked Appellant if he was waiving the formalities of presentment in reading the amended charge of criminal mischief. (7/26/23 Tr., p. 9.) Appellant pleaded guilty to criminal mischief at this point, even though the charge was not yet filed, and this plea was changed to a plea of no contest when the charge was formally filed. It is therefore impossible to conclude that the parties and the trial judge were unaware that all the charges were related, that this record fails to support that all charges were related, or that somehow the OVI charge was treated as a completely separate proceeding than Appellant's other charges.

{¶39} The record contains the original complaint and affidavit that describe how the crimes were related. Appellant's plea agreement covers all aspects of all four original charges, as well as the amendment of the vandalism charge to a charge of criminal mischief. The change of plea and sentencing hearing of July 26, 2023, covers all aspects of the disposition of all four charges, including Appellant's conviction and sentence for OVI. Appellant's OVI conviction is reflected in combined judgment entries dealing with all aspects of his plea agreement, including the amendment of the vandalism charge to criminal mischief, dismissal of the other charges, and the sentence for the OVI conviction.

(7/26/23 J.E.) Appellant is mistaken in his assertion that the only aspect of the record that connects all of his charges is the affidavit from the original complaint, and we disagree with Appellant that the trial judge was not permitted to consider the original complaint and attached affidavit when ruling on his application to seal.

**{¶40}** The second part of Appellant's first assignment regards his contention that the trial court promised to seal the record of the dismissed charges after successful conclusion of the diversion program. This contention is clearly incorrect. As pointed out in the trial court's final judgment of November 4, 2024, the judge merely stated: "the court may order the sealing of records relating to the offense in a manner prescribed by Sections 2953.31 through 2953.36." As to the criminal mischief case the judge made no promises, and simply gave Appellant permission to file an application for expungement: "Defendant may file an application requesting that this matter be sealed and/or expunged." (6/8/24 J.E.) Therefore, the record clearly shows no promises were made in this regard and Appellant's argument to the contrary must fail.

**{¶41}** We note that Appellant's counsel told the court that the "spirit" of the plea agreement was that Appellant should receive the minimum sentence for OVI, he would plead no contest to criminal mischief, and that all the remaining charges including criminal mischief would be dismissed if he successfully completed diversion. There was no mention that sealing his records was part of the "spirit" of Appellant's agreement. (7/26/23 Tr., pp. 14-15.) In fact, other than a brief reference in the prosecutor's description of the proposed plea agreement, it was not brought up at all in the change of plea hearing. (7/26/23 Tr., p. 7.) It was not discussed in the trial court's explanation to Appellant of the terms of his plea agreement.

Case Nos. 24 MO 0020; 24 MO 0021; 24 MO 0022

**{¶42}** Appellant's arguments are not supported by law or the record, and the trial court's conclusion that all the charges arose from the same act or conduct was not an abuse of discretion. By law, the trial court was not permitted to seal the records of the dismissed cases because of their connection to the OVI conviction, which cannot be sealed.

## ASSIGNMENT OF ERROR NO. 2

BY MISREPRESENTING ITS AUTHORITY TO SEAL APPELLANT'S RECORDS, THE TRIAL COURT ERRED AS A MATTER OF LAW AND DEPRIVED APPELLANT OF HIS CONSTITUTIONAL RIGHTS AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

**{¶43}** Alternatively, Appellant challenges the validity of his plea agreement based on his belief the prosecutor and the trial judge either lied or misrepresented the law regarding whether the dismissed charges could be expunged. We must note that the matter under review is the trial court's denial of Appellant's application to seal the record. All of the charges in the cases on appeal have been dismissed and are closed. Appellant's OVI sentence has been served, presumably, but in any event has never been appealed and is not directly under review. Appellant does not explain in what manner and under what law he may be able to withdraw his plea at this time as no motion to withdraw was ever filed, there are no active cases pending against him, and no convictions or sentences are under direct review, here. Appellant's counsel was clear at oral argument that Appellant does not seek any remedy that might result in his charges being revived or refiled.

**{¶44}** Although most of Appellant's argument is simply a reframing of his argument that the court promised to his seal the record of the dismissed cases, which we have already rejected, he does raise the additional argument that the court and the prosecutor misrepresented the law. Appellant contends that his plea agreement was based on the premise that his record could be sealed. Although this may have been an assumption of one or both of the parties, the actual procedure and law involved in sealing the record were not raised to the trial judge or made part of the plea process. The possibility of sealing the record was mentioned only once at the change of plea hearing, and was not included in the court's explanation to Appellant of the terms of the actual plea agreement accepted by the court. The question regarding whether it was lawfully possible to seal Appellant's records was never raised by Appellant in the plea process.

**{¶45}** Despite the prosecutor's apparent desire for the trial court to approve Appellant's application to seal his record, no one denies that it is normally ultimately up to the discretion of the court to grant or deny an application to seal. Even Appellant admits that the trial court only agreed that it "may" order the sealing of records. Appellant has not cited to anything in this record showing that he would not have entered into this plea agreement if he had known the dismissed charges ultimately could not or would not be sealed. However, because the cases have already been dismissed, and there is no matter pending to which Appellant has entered a plea, Appellant's second assignment of error is moot.

## Conclusion

**{¶46}** Appellant filed an application to expunge dismissed charges related to an incident in which he drove his car into a home while he was intoxicated. He was charged

with four crimes. As part of his plea agreement, he pleaded guilty to OVI, pleaded no contest to an amended charge of criminal mischief, entered a diversion program, and the prosecutor agreed to dismiss the other charges. Following review of his application to seal the record, the trial court found that all the charges arose from the same conduct, and that since an OVI conviction was one of the related charges, none of the cases could lawfully be sealed, citing to R.C. 2953.61. Appellant incorrectly argues the record does not support finding that the charges were all related to the same conduct. The original complaint and supporting affidavit clearly connect all the charges to one course of conduct. Appellant also argues that all parties, including the trial judge, promised that if Appellant successfully completed a diversion program for his criminal mischief charge, all charges except for his OVI conviction would be sealed. The court did not promise to seal the records. The court agreed only that Appellant could file an application to seal and that any application would be given consideration. Appellant contends that if the trial court is not required to seal these records he should be allowed to withdraw his plea, but there are no longer any cases pending against him and this argument is moot. Appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Dickey, J. concurs.

Case Nos. 24 MO 0020; 24 MO 0021; 24 MO 0022

[Cite as *State v. Williamson*, 2025-Ohio-2402.]

---

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the County Court of Monroe County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**